# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOSHUA VASQUEZ, )<br>No. M25484, )<br>  )<br>      Plaintiff, )<br>  )<br>vs. )<br>  )<br>VANDALIA CORRECTIONAL CENTER, )<br>SCOTT WORKMAN, )<br>HENRY ROBERTS, and )<br>C/O LIPSY, )<br>  )<br>      Defendants. ) | Case No. 14-cv-01305-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief Judge:**

Plaintiff Joshua Vasquez, an inmate in Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983, based on an October 30, 2014, incident at Centralia Correctional Center. Plaintiff was allegedly assaulted by multiple correctional officers and then denied medical care for his injuries.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

**The Complaint**

According to the complaint, on October 30, 2014, Plaintiff Vasquez was physically assaulted by Defendants Sgt. Scott Workman, Lt. Henry Roberts, and C/O Lipsy. More specifically, as Plaintiff was being escorted to his dormitory, Workman, Roberts and Lipsy began verbally harassing him about whether he had paid for his clothes. When Plaintiff questioned the officers, they cursed at him, handcuffed him, threw him against a van and then collectively "chicken-winged" him. As the defendant officers continued on with the escort, Sgt. Workman intentionally tripped Plaintiff, causing Plaintiff to fall face-first to the ground. Although Plaintiff's face was cut and scraped, the officers did not get him medical care. Verbal abuse continued, and C/O Lipsy threatened to mace Plaintiff. Only after they were directed to do so did the officers take Plaintiff to the medical unit. Plaintiff received ten stiches and was diagnosed as having other minor cuts and scratches, as well as a mild concussion. Plaintiff was transferred that same day (presumably to Pinckneyville Correctional Center) and placed in segregation.

Based on the allegations in the complaint, the Court finds it convenient to divide the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

> **Count 1:** Defendants Workman, Roberts and Lipsy used excessive force against Plaintiff, in violation of the Eighth Amendment; and
>
> **Count 2:** Defendants Workman, Roberts and Lipsy denied Plaintiff medical care for his serious medical injuries, in violation of the Eighth Amendment.

Plaintiff seeks declaratory judgment, as well as nominal, compensatory and punitive damages.

**Discussion**

The Eighth Amendment to the United States Constitution protects prisoners from being subjected to cruel and unusual punishment.  U.S.CONST., amend. VIII. *See also Berry v. Peterman*, 604 F.3d 435, 439 (7th Cir. 2010).  Eighth Amendment protection extends to conditions of confinement that pose a substantial risk of serious harm, including health and safety.  *See Estate of Miller, ex rel. Bertram v. Tobiasz*, 680 F.3d 984 (7th Cir. 2012). When prison officials are accused of using excessive force against an inmate, "[t]he claimant must show that officials applied force 'maliciously and sadistically for the very purpose of causing harm.' " *Farmer v. Brennan*, 511 U.S. 825, 835 (1994) (quoting *Hudson v. McMillian*, 503 U.S.1, 6 (1992)).  Prison officials can also violate the Eighth Amendment's proscription against cruel and unusual punishment when their conduct demonstrates "deliberate indifference to serious medical needs of prisoners."  *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).  A medical condition need not be life-threatening to be serious; rather, it can be a condition that would result in further significant injury or unnecessary and wanton infliction of pain if not treated.  *Gayton v. McCoy*, 593 F.3d 610, 620 (7th Cir. 2010).

The allegations in the complaint adequately state Eighth Amendment claims regarding excessive force and deliberate indifference to a serious medical need.  Counts 1 and 2 can, therefore, proceed against Defendants Workman, Roberts and Lipsy.

Vandalia Correctional Center is also listed as a defendant in the case caption. However,Vandalia Correctional Center, which is a division of the Illinois Department of Corrections, is not a "person" within the meaning of the Civil Rights Act, and is not subject to a Section 1983 suit.  *See Will v. Mich. Dep't of State Police,* 491 U.S. 58, 71 (1989).  Therefore, Defendant Vandalia Correctional Center must be dismissed from the action, with prejudice.

**Disposition**

**IT IS HEREBY ORDERED** that, for the reasons stated, **VANDALIA CORRECTIONAL CENTER** is **DISMISSED with prejudice.**

**IT IS FURTHER ORDERED** that **COUNTS 1 and 2** shall otherwise **PROCEED** against Defendants **SGT. SCOTT WORKMAN, LT. HENRY ROBERTS, and C/O LIPSY**.

The Court is awaiting Plaintiff's Trust Fund Statement and will rule on his motion for leave to proceed as a pauper (Doc. 2) by separate order. However, based on his affidavit (*see* Doc. 2), Plaintiff's motion for service of process at government expense (Doc. 4) is **GRANTED.**

The Clerk of Court shall prepare for Defendants **SGT. SCOTT WORKMAN, LT. HENRY ROBERTS, and C/O LIPSY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to each Defendant's place of employment as identified by Plaintiff. If a Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on that Defendant, and the Court will require that Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

With respect to a Defendant who no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file

or disclosed by the Clerk.

Plaintiff shall serve upon Defendants (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendants or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendants are **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings, including consideration of Plaintiff's motion for recruitment of counsel (Doc. 3).

Further, this entire matter shall be **REFERRED** to a United States Magistrate for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* may have been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court,

who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to Plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts.  This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs.  Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution.  *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED: December 16, 2014**

s/ *Michael J. Reagan*
**MICHAEL J. REAGAN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**